IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT ALAN COZENS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case Number CIV-11-841-C |
| ) | |
| WOODWARD COUNTY OKLAHOMA, ) | |
| ex rel. THE WOODWARD COUNTY ) | |
| COMMISSIONERS; THE WOODWARD ) | |
| COUNTY SHERIFF'S DEPARTMENT; ) | |
| and THE DISTRICT COURT OF ) | |
| WOODWARD COUNTY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed the present action pursuant to 42 U.S.C. § 1983 raising allegations of constitutional violation related to a sentence imposed by a judge in Woodward County. According to Plaintiff, he was sentenced to a "flat" sentence (i.e., denied good time credit) and that procedure violated his constitutional rights and was imposed in the absence of legal authority. Defendant District Court of Woodward County filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that it cannot be sued under § 1983 both because it is not a "person" as required by the statute, and because the judges of the court, if added as parties, are entitled to absolute immunity. After consideration of the parties' briefs and the legal authority cited therein, the Court finds that Plaintiff's action should be dismissed, but for a different reason than that propounded by Defendant.

From the allegations of Plaintiff's Complaint, it is clear that he has completed the terms of his sentence, that he never pursued either a direct appeal or any post-conviction

relief regarding those sentences, and in fact has taken no action to challenge the validity of the conviction. As a result, the Court finds that Plaintiff's claims brought herein are barred by the rule of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). "[W]here success in a prisoner's § 1983 damages action would implicitly question the validity of conviction *or duration of sentence*, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." <u>Muhammad v. Close</u>, 540 U.S. 749, 751 (2004) (emphasis added).

Because Plaintiff has failed to undertake any challenge to the sentence imposed, he cannot now bring a damages claim which would implicitly challenge the validity of the sentence. Accordingly, Plaintiff has failed to state a claim for relief and his action must be dismissed.

For the reasons set forth herein, Defendant District Court of Woodward County's Motion to Dismiss (Dkt. No. 13) is GRANTED. Additionally, the Court sua sponte determines that dismissal of the claims against the remaining Defendants is appropriate for the reasons stated herein. Therefore, this matter is dismissed with prejudice. A separate judgment will issue.

IT IS SO ORDERED this 21th day of December, 2011.

ROBIN J. CAUTHRON
United States District Judge